UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LONDON

CIVIL CASE NO. 04-261-KKC

DARLENE CORNETT, PLAINTIFF,

vs. **OPINION AND ORDER**

DENNIS BYRD, et al., DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motion to Reconsider [Rec. No. 50] the Court's November 28, 2006 Order [Rec. No. 49] granting summary judgment for the Defendants on all Plaintiff's claims except her gender discrimination claims based on Title VII and the Kentucky Civil Rights Act. The Plaintiff also brings a Motion to Reconsider the Court's Order with respect to her due process claim [Rec. No. 51]. Based on the reasoning discussed below, the court DENIES the Motions to Reconsider and affirms its original Order [Rec. No. 49].

The facts in this matter are laid out in the Court's November 28, 2006 Opinion and Order [Rec. No. 49], thus, the Court will not reproduce those facts here.

**I. PLAINTIFF'S DISCRIMINATION CLAIMS**

The Plaintiff, Darlene Cornett ("Cornett"), claims that she suffered gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act when the Williamsburg Independent School District ("WISD") made the decision to terminate her employment. Cornett has admitted that she has no direct evidence of discrimination (Rec. No. 32, pg. 25), thus, her claim must be evaluated under the burden-shifting standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Pursuant to *McDonnell Douglas*, the Plaintiff must first establish a prima facie case of discrimination "by showing the existence of circumstantial evidence which creates an inference of

discrimination." *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995). To prove such a circumstantial case the plaintiff must show: (1) that she is a member of a protected group, (2) that she was subject to an adverse employment decision, (3) that she was qualified for the position, (4) that she was replaced by a member outside the protected class. *Id.*
In the Order, the Court explained that Cornett had met the four criteria to establish a prima facie case of employment discrimination and the Defendants do not appear to dispute this fact in their Motion.

"Once the plaintiff has established a prima facie case, which creates a presumption that the defendant unlawfully discriminated against the plaintiff, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the plaintiff's rejection." *Talley*, 61 F.3d at 1246. Superintendent Dennis Byrd ("Byrd") stated two reasons for Cornett's dismissal, uncertainty of funding and possible drop in enrollment in the elementary school for the 2003-2004 school year. [Depo. of Dennis Byrd, pg. 26]. Byrd stated that because of the uncertainty of the budget, either the assistant technology position or the head technology position, Cornett's position, would not be filled. [Depo. of Dennis Byrd, pg. 8-9. In the Order, the Court explained that the Defendants met their burden at this stage.

"If the defendant offers a legitimate reason, the burden shifts back to the plaintiff to demonstrate that the discrimination was a determinative factor in his termination." *Talley*, 61 F.3d at 1246. The premise of Defendants argument is that Cornett has failed to meet her burden at this stage of the analysis, thus, summary judgment should be granted.

"The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000). "[The plaintiff] may succeed in this [ i.e., in persuading the court that she has been the victim of intentional discrimination] either directly

2

by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516, 529 (6th Cir. 2005) (*quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 517 (1993)).

Cornett argues that she has shown that the Defendants explanation for her termination is unworthy of credence. "We have stated that a plaintiff can establish that an employer's reason is not credible by demonstrating either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." *Id*. (*quoting Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078 (6th Cir. 1994)).[1]

"Once the employer has come forward with a nondiscriminatory reason for firing the plaintiff,...the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer*, 29 F.3d 1078, 1083. "The jury may not reject an employer's explanation...unless there is a sufficient basis in the evidence for doing so. To allow the jury simply

---

[1] The Sixth Circuit has stated the following regarding the three types of showings:

The first type of showing is easily recognizable and consists of evidence that the proffered bases for the plaintiff's discharge never happened, i.e., that they are "factually false." The third showing is also easily recognizable and, ordinarily, consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff. These two types of rebuttals are direct attacks on the credibility of the employer's proffered motivation for firing plaintiff and, if shown, provide an evidentiary basis for what the Supreme Court has termed "a suspicion of mendacity." As Hicks teaches, such a showing permits, but does not require, the factfinder to infer illegal discrimination from the plaintiff's prima facie case.

The second showing, however, is of an entirely different ilk. There, the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct could motivate dismissal. The plaintiff's attack on the credibility of the proffered explanation is, instead, an indirect one. In such cases, the plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was more likely than that offered by the defendant. In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it "more likely than not" that the employer's explanation is a pretext, or coverup. *Manzer*, 29 F.3d at 1084.

to refuse to believe the employer's explanation would subtly, but inarguably, shift the burden of persuasion from the plaintiff to the defendant, which we must not permit." *Id*.

The Court affirms its original Order, finding that the Plaintiff has presented sufficient evidence to proceed with her gender discrimination claims. In the Court's original Order [Rec. No. 49], the Court mistakenly cited to the pleadings instead of the specific evidence relied upon in determining that the Plaintiff had presented sufficient evidence to submit to a jury that Defendants' reasons are not credible because either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge."[2] *Manzer*, 29 F.3d at 1084.

"It is the trial court's duty to review all of the facts together, not in isolation." *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996). The Plaintiff has submitted sufficient evidence to submit to a jury, thus, Defendants' Motion to Reconsider is DENIED.

## II. DUE PROCESS CLAIM

Cornett claims that her Due Process rights under the Fifth and Fourteenth Amendments to the Constitution were violated when she was terminated. In the Motion to Reconsider, Cornett raises the same arguments that were raised in her response to the Defendants' Motion for Summary Judgment. "A motion to reconsider does not afford parties an opportunity to reargue their case." *Zink v. General Elec. Capital Assurance Co.*, 73 Fed. Appx. 853, *3 (6th Cir. 2003)(unpublished); *See also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 373 (6th Cir.1998).

---

[2] In making this determination, the Court relied on evidence found in the record, including but not limited to: evidence regarding the amount of money WISD was expected to receive, found in the deposition of Dennis Byrd, pages 202-203; evidence of the fact that Cornett's position was not eliminated and she was replaced by a male who allegedly was not as qualified as Cornett, found in the deposition of Dennis Byrd, pages 9-10, 159, Exhibit 9 and the deposition of Paul Falin, pages 53-54; evidence regarding the effect of a drop in enrollment at the elementary school, found in the depositions of Paul Falin, pages 85 and 88, Conley Manning, page 52 and Dennis Byrd, page 195.

**III. CLAIM BASED ON KRS 161.011(5)(a)**

Cornett argues that even if the Court determines that she did not have a property interest in her job, she is still entitled to a due process claim pursuant to KRS 161.011(5)(a). Cornett cites *Kidd v. Board of Education of McCreary County*, 29 S.W.3d 374 (Ky.App. 2000) as support for this proposition. The plaintiff in *Kidd*, like the Plaintiff in this action, had not completed four years of continuous active service with the meaning of KRS 161.011(5)(b), thus, she did not have a property interest in her employment. However, the plaintiff argued that even though she had not completed four years of service she was still entitled, upon request, to written reasons for nonrenewal of her contract pursuant to KRS 161.011(5)(a), which provides:

> (5) Local districts shall enter into written contracts with classified employees. Contracts with classified employees shall be renewed annually except contracts with the following employees:
> (a) An employee who has not completed four (4) years of continuous active service, upon written notice which is provided or mailed to the employee by the superintendent, no later than April 30, that the contract will not be renewed for the subsequent school year. Upon written request by the employee, within ten (10) days of the receipt of the notice of nonrenewal, the superintendent shall provide, in a timely manner, written reasons for the nonrenewal.

The court held that the written reasons provided for the nonrenewal must, at the very least be true. *Kidd*, 29 S.W.3d at 377. The plaintiff alleged that the written reason for nonrenewal, decline in student enrollment, was arbitrary and untrue. *Id*. The plaintiff's claim in *Kidd* was not based on due process but instead on the violation of the statute KRS 161.011(5)(a). *Id*.

Cornett alleges that the April 23, 2003 letter, which stated that Cornett's contract would not be renewed due to uncertainty of funding and possible drop in enrollment at the elementary school, provided at least a partial statement of the written reasons for the decision to not renew her contract. Because the Court has found sufficient evidence of pretext regarding Defendants' proffered reasons to allow Cornett to proceed with her gender discrimination claim, Cornett claims that she has also

5

presented sufficient evidence to proceed with this claim. [Rec. No. 51 , pg. 8]. The Court is unable to find anything in the record in which Plaintiff claimed that she was entitled to relief pursuant to KRS 161.011(5)(a). In fact, Plaintiff's central argument is that she was entitled to the protections of KRS 161.011(5)(b) because she was an employee with four or more years of continuous active service due to an oral agreement with Paul Falin. [Rec. No. 32, pg. 21]. Further, even if Cornett had presented a claim pursuant to KRS 161.011(5)(a), her claim could not succeed because the plain language of the statute provides that after receipt of the letter stating that a contract will not be renewed, the individual has ten days within which to request written reasons for nonrenewal. The court in *Kidd* held that these reasons must at least be true. However, Cornett admits that she "did not submit a written request for a statement of reasons for Byrd's actions within ten (10) days from her receipt of Byrd's termination letter of April 23, 2003," thus she has no cause of action pursuant to KRS 161.011(5)(a). [Rec. No. 32, pg. 15].

## IV. CONCLUSION

Accordingly **IT IS ORDERED** as follows:

1. Defendants' Motion to Reconsider [Rec. No. 50] is **DENIED**;

2. Plaintiff's Motion to Reconsider [Rec. No. 51] is **DENIED**; and

3. the Court's November 28, 2006 Opinion and Order (Rec. No. 49) is **AFFIRMED.**

Dated this 14th day of March, 2007.



**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**